**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EARLTON FARQUHARSON and
BEULAH FARQUHARSON,

      Plaintiff,

v.                                                             Case No. 6:15-cv-211-Orl-37KRS

CITIBANK, N.A.; BANK OF AMERICA,
N.A.; NATIONSTAR MORTGAGE, LLC,
WILMINGTON TRUST CO.; RONALD
R. WOLFE AND ASSOCIATES, P.L.;
MERSCORP HOLDINGS, INC.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS (MERS);
BANK OF AMERICA CORPORATION;
BAC HOME LOANS SERVICING, LP;
ANY OTHER SUBSEQUENT
MORTGAGEES, CITIGROUP, INC.;
BAC GP, LLC; M & T BANK
CORPORATION and WILMINGTON
TRUST CO. AS TRUSTEE FOR CWL
2007-QX1,

      Defendants.

**ORDER**

This cause is before the Court on Plaintiffs' Answer to Courts [*sic*] Order to Show Cause (Doc. 59), filed July 13, 2015; and Defendant, Ronald R. Wolfe & Associates, P.L.'s Amended Reply to Plaintiffs' Response to Order to Show Cause (Doc. 62), filed July 14, 2015.

On July 17, 2015, this Court directed Earlton Farquharson and Beulah Farquharson ("Plaintiffs") to (1) show cause why Defendant, Ronald R. Wolfe & Associates, P.L.'s ("Defendant") Motion to Dismiss should not be granted for lack of opposition on or before July 13, 2015, and (2) to file a response to Defendant's motion on

or before July 17, 2015, if they chose to do so. (*See* Doc. 57).

On July 13, 2015, Plaintiffs filed a lengthy response to the Court's Show Cause Order, asserting, *inter alia*, that they never received a copy of Defendant's Motion to Dismiss. (Doc. 59 ¶ 1, p. 33). Defendant, however, contends that it served Plaintiffs with its Motion to Dismiss via mail on June 11, 2015. (Doc. 62, pp. 2–4). Thus, Defendant contends that Plaintiffs failed to show good cause why its Motion to Dismiss should not be granted as unopposed. (*Id.*, pp. 3–5).

Without determining whether Plaintiffs did or did not receive a copy of Defendant's Motion to Dismiss, considering Plaintiffs *pro se* status, the Court will extend its deadline for Plaintiffs to file a response. Whenever possible, the Court prefers to resolve the parties' disputes on the merits. That said, any future failure to timely submit motions and required responses will have consequential effect. The parties are on notice.

Plaintiffs request fourteen (14) days to file a response to Defendant's Motion to Dismiss. (Doc. 59, p. 33). Because Plaintiffs allegedly printed a copy of Defendants Motion to Dismiss on July 13, 2015, (*see id.* at 8), the Court will give Plaintiffs fourteen days (14) from that date to file a response.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiffs shall file a response to Defendant's Motion to Dismiss on or before July 27, 2015.
2. Failure to file a response in accordance with this Order will result in the Court granting Defendant's motion as unopposed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 15, 2015.

Copies:

Counsel of Record