UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARLTON FARQUHARSON; and
BEULAH FARQUHARSON,

    Plaintiffs,

v.                                   Case No. 6:15-cv-211-Orl-37KRS

CITI BANK, N.A.; BANK OF AMERICA
N.A.; NATIONSTAR MORTGAGE, LLC;
WILMINGTON TRUST CO.; RONALD
R. WOLFE AND ASSOCIATES, P.L.;
MERSCORP HOLDINGS, INC.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS;
ARMANDO RAMIREZ; BANK OF
AMERICA CORPORATIONS; BAC
HOME LOANS SERVICING, LP;
CITIGROUP, INC; BAC GP, LLC; M & T
BANK CORPORATION; and ANY
SUBSEQUENT MORTGAGEES,

    Defendants.

## ORDER

On April 30, 2015, Plaintiffs Earlton and Beulah Farquharson filed an Amended Complaint, asserting nine claims against a slew of Defendants. (Doc. 22.) Of the nine claims asserted in Plaintiffs' Amended Complaint, only one—a Fair Debt Collections Practices Act, (**"FDCPA"**) claim—involved a federal question. The remaining eight claims involved questions of state law. Defendants—except Citi Bank N.A. and Citigroup, Inc. (**"Citi Defendants"**)—moved to dismiss Plaintiffs' Amended Complaint. (Docs. 53, 58.) Plaintiffs moved for an entry of default against Citigroup, which the clerk entered soon after. (Docs. 68, 71–73.) The Citi Defendants subsequently appeared in this action and filed a Motion to Vacate Default. (Doc. 88.) Upon consideration of parties' briefs, the Court

granted the Citi Defendants' motion to vacate default. (Doc. 105.) The Court also granted Defendants' motions to dismiss the Complaint, finding that Plaintiffs failed to sufficiently allege their FDCPA claim. After dismissing Plaintiffs' only federal claim, the Court declined to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims. Instead, the Court granted Plaintiffs leave to amend their Complaint. (Doc. 104.) Plaintiffs declined to file an amended complaint, opting instead to appeal the Court's Orders to the U.S. Court of Appeals for the Eleventh Circuit. (Doc. 110.)

On October 31, 2016, the U.S. Court of Appeals for the Eleventh Circuit issued a written opinion affirming: (1) the Court's decision to vacate the entry of default; and (2) the Court's dismissal of Plaintiffs' Amended Complaint. The Eleventh Circuit also held that Plaintiffs waived their right to amend their claims because they elected to appeal the Court's dismissal Order rather than amending their Complaint. (Doc. 134). Mandate issued on January 20, 2017. (Doc. 137.) The Eleventh Circuit has left no remaining issues for the Court to decide.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 3, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record
*Pro Se* Parties